UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HANNA J. McANDIE,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SEQUIM SCHOOL DISTRICT, ROBERT CLARK, and his marital community,<br><br>　　　　　　　Defendants. | No.<br><br>COMPLAINT AND JURY DEMAND |

**COMES NOW** Plaintiff, Hanna McAndie, by and through her attorneys of Record, Daniel C. Gallagher and Gallagher Law Office PS, and claims as follows:

**INTRODUCTION**

1.1　Plaintiff Hanna McAndie brings this action on behalf of herself.

1.2　Defendant, Sequim School District, is a public school district located in Sequim, Clallam County, Washington.

COMPLAINT AND JURY DEMAND - 1

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557
www.nwprolaw.com

1.3	Defendant Robert Clark was, at all times relevant to this complaint, employed as the Superintendent of Sequim School District, and upon information and belief is a resident of Clallam County, Washington.

1.4	Defendant Sequim School District employed Plaintiff initially in October 2017 as a substitute para educator, then as a special education para educator, then as Community Outreach Coordinator, and most recently as a Student Support Specialist.  This lawsuit arises out of Defendants' hostile work environment, sexual harassment, and retaliation following Plaintiff's formal complaint about  principal Vincent Riccobene's discriminatory actions towards a special education student on or about April 25, 2019.

## JURISDICTION AND VENUE

2.1	Jurisdiction.  This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331 and 1367 and of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

2.2	Venue.  Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 and because Defendant SEQUIM SCHOOL DISTRICT is located in this jurisdiction, and the events which gave rise to this lawsuit occurred in Clallam County, Washington, within the Western District of Washington.

2.3	Governing Law:  The claims of Plaintiff asserted in this complaint are brought under federal causes of action and federal law applies.

2.4	Jurisdictional Prerequisites:  All conditions for jurisdiction under 42 U.S.C.A § 2000e-16 have been met.  Plaintiff timely filed a formal charge of employment discrimination with the EEOC in 2020 and filed this action within 90 days of receipt of the Right to Sue letter.

## PARTIES

3.1	Plaintiff Hanna McAndie at all times relevant to the facts giving rise to this lawsuit resided in Clallam County, Washington and has been employed by Defendant in Clallam County since October 2017.

3.2	Defendant Sequim School District is a political subdivision of the State of Washington located in Clallam County, Washington.

COMPLAINT AND JURY DEMAND - 2

3.3     Defendant Robert Clark was the Superintendent of Sequim School District at all times relevant to the facts giving rise to this lawsuit and is, upon information and belief, a resident of Clallam County, Washington.

**FACTUAL ALLEGATIONS**

4.1     Plaintiff began her employment with Defendant Sequim School District (hereinafter 'SSD') in October 2017 working part-time as a substitute para educator and then became a permanent special education para in November 2017.  During the time period relevant to this case, Plaintiff was working full-time with SSD as a Community Outreach Coordinator, Public Information Officer and Truancy Liaison, and most recently as Student Support Specialist.

4.2     On or about April 25, 2019, Plaintiff was working at SSD and facilitated a hearing with the Community Truancy Board (hereinafter 'CTB") to address student truancy by meeting with students to determine the cause of truancy and enlist truant students to commit to changing their behavior.  Plaintiff's role was to engage the truant students in dialogue for this purpose and develop a plan for improved attendance.  Prior to the meeting, Plaintiff spoke with student BS's mother who indicated she would not be able to attend with her son.  Plaintiff asked BS's mother if the meeting could proceed without her and she agreed with the proviso that someone would support BS in physically getting to the meeting.  BS's mother indicated concern that her son might not know how to get from Sequim Middle School (hereinafter 'SMS") to the SSD Office Board Room.  Plaintiff contacted Rhonda Kromm, SMS vice principal, and left a voice mail message requesting that someone assist BS to the CTB hearing. SMS principal Vince Riccobene accompanied BS to the CTB hearing and was belligerent and intimidating to Plaintiff.  At the meeting, Mr. Riccobene also openly mocked and belittled special education student BS in a discriminatory manner.

4.3     On or about May 8, 2019, Plaintiff verbally reported the incidents from the April 25, 2019 CTB hearing to her supervisor, then SSD Superintendent Gary Neal and SSD

COMPLAINT AND JURY DEMAND - 3

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington  98110-1493
TEL. 206.855-9310 • FAX 206.462.1557
www.nwprolaw.com

Assistant Superintendent Jennifer Maughan. Mr. Neal and Ms. Maughan advised Plaintiff to follow up with a written statement to human resources (hereinafter 'HR") director Randy Hill.

4.4    On or about May 9, 2019, Plaintiff submitted a written statement reporting the events of April 25, 2019 to SSD HR Director Randy Hill, Assistant Superintendent Jennifer Maughan and (then) Superintendent Gary Neal.

4.5    On or about May 13, 2019, Plaintiff was informed by district office receptionist, Megan Lyke, that third parties had been informed by Ms. Kromm and/or Mr. Riccobene about an investigation resulting ostensibly from the Lyke's reporting of Mr. Riccobene's behavior at the CTB meeting. Ms. Lyke expressed her frustration to Plaintiff that they had been falsely identified as incident reporters.

4.6    On or about May 14, 2019, Plaintiff met with Mr. Hill to be interviewed during the investigation into Mr. Riccobene's behavior. Assistant Superintendent Jennifer Maughan was also present at the meeting. At that time, Mr. Hill informed Plaintiff that he had disclosed on May 10 to Riccobene the report about his behavior and that an investigation would follow. Upon information and belief, Mr. Riccobene was found to be at fault following the investigation.

4.7    On or about May 17, 2019, Plaintiff submitted a written report to SSD regarding HR Director Randy Hill's failure to keep the information contained in her May 9, 2019 report confidential. SSD terminated Mr. Hill over the summer of 2019 following a separate investigation.

4.8    Superintendent Gary Neal resigned his position as SSD Superintendent and in July 2019, Defendant Robert Clark was hired to be SSD Superintendent.

4.9    Although Plaintiff expressed to SSD administrative staff, including Defendant Clark, her discomfort being in proximity to Mr. Riccobene, in autumn 2020, Mr. Riccobene was relocated to the same building Plaintiff worked in and in close proximity.

4.10    After four months on the job, Defendant Clark reviewed Plaintiff's performance in a novel mid-year evaluation meeting during which he informed Plaintiff that she was doing a

COMPLAINT AND JURY DEMAND - 4

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington  98110-1493
TEL. 206.855-9310 • FAX 206.462.1557
www.nwprolaw.com

great job with truancy but a poor job as the Public Information Officer. The comments were somewhat surprising as Defendant Clark had not actively supervised Plaintiff. Defendant Clark's comments contradicted Ms. Maughan's, who had been actively supervising Plaintiff. Plaintiff inquired about splitting up the two positions she worked because they were essentially two full-time jobs. This mid-year evaluation was never written up and there is no known documentation of it.

4.11   In or about November 2019, Plaintiff met with Defendant Clark and Ms. Maughan to discuss her new position as Student Support Specialist with Ms. Maughan as Plaintiff's official supervisor. At this time, Plaintiff was informed that she would be moved from her private office to an open desk upstairs. After discussing the new position, Defendant Clark informed Plaintiff, '[W]hen you resign in September, this job will be reduced and put in the secretary's union.' Plaintiff later recognized that the job as described would be more work than one full-time position and shared her concerns with Ms. Maughan. Plaintiff felt intimidated by Defendant Clark into signing.

4.12   On or about January 28, 2020, Plaintiff reported concerns to Defendant Clark about SSD volunteer Charles Smith, whom Plaintiff felt had violated his CTB and SSD volunteer agreements by exhibiting inappropriate behavior, disobeying direction, breaching confidentiality, and making comments of racial and derogatory nature. Defendant Clark denied Plaintiff's request to remove Smith as an SSD volunteer.

4.13   On or about February 3, 2020, Defendant Clark emailed Charles Smith informing him of some of the allegations against him and outing Plaintiff and Megan Lyke as the reporters. Plaintiff and Ms. Lyke learned of their outing when Ms. Smith emailed them and informed them that he knew they had reported him to Defendant Clark, who, in addition to his role as Superintendent, was acting HR Director at that time.

4.14   In February 2020, Defendant Clark went to SSD employee John McAndie's office early in the morning. John McAndie is the Director of Maintenance and Facilities for SSD and is Plaintiff's father-in-law. Defendant Clark informed Plaintiff's father-in-law that he

COMPLAINT AND JURY DEMAND - 5

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington  98110-1493
TEL. 206.855.9310 • FAX 206.462.1557
www.nwprolaw.com

needed to substantiate a claim that had been made to him.  Defendant Clark informed Mr. McAndie that it had been reported to him that his daughter-in-law, Plaintiff, had had an affair with departed Superintendent Gary Neal.  Defendant Clark indicated to Mr. McAndie that he was investigating the matter in his role as acting HR Director for SSD, however no formal report or investigation was ever initiated.  Defendant Clark implied that Plaintiff was cheating on Mr. McAndie's son, to whom she had recently married.  Defendant Clark's actions were wholly unnecessary, unprofessional, and retaliatory.  Defendant Clark's actions caused significant distress to the entire McAndie family and particularly to Plaintiff when she found out.

      4.15    In September 2020, Defendant Clark, although no longer acting HR Director, perpetuated the false allegation of sexual misconduct by Plaintiff when he discussed the false allegations with Assistant Superintendent Jennifer Maughan, Plaintiff's supervisor.  Defendant Clark's perpetuating this false allegation among SSD staff has had serious and devastating impact on Plaintiff's professional and personal life.  It has destroyed Plaintiff's sense of community at SSD, increased her anxiety and stress, caused her to feel unsafe and anxious on SSD grounds, has harmed her personal relationships with her husband, family members, friends, professional references and coworkers.

      4.16    Subsequent to learning of Defendant Clark's accusations, Plaintiff experienced a significant increase in anxiety, depression, suicidal ideation, interrupted sleep, poor nutrition, and other negative physical and mental impacts.

      4.17    On October 9, 2020, Plaintiff filed a formal complaint of sexual harassment in violation of SSD Policy 5011 against Defendant Clark and any other staff spreading the rumor in violation of SSD policy.

      4.18    On October 22, 2020, Defendant Clark was placed on administrative leave by SSD pending the outcome of Plaintiff's complaint.

      4.19    On October 26, 2020, Acting Superintendent, Jane Pryne, was hired by SSD.

COMPLAINT AND JURY DEMAND - 6

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington  98110-1493
TEL. 206.855-9310 ● FAX 206.462.1557
www.nwprolaw.com

4.20   In or about October 2020, following Plaintiff's formal complaint of sexual harassment, SSD began an investigation.  Plaintiff cooperated with the investigation.

4.21   In or about December 2020, Plaintiff was informed that SSD lawyers were in negotiations with Defendant Clark about a separation agreement.  Subsequently, Defendant Clark was allowed to resign and the SSD investigation into his misconduct was terminated prior to any conclusion being made about Plaintiff's complaint.  Plaintiff believes that Defendant Clark's separation was negotiated as a dodge to avoid completing an investigation which would result in Defendant Clark's termination and increased legal exposure for SSD.  SSD's investigation was not performed or completed in compliance to either SSD policy, the Washington Administrative Code or the Revised Code of Washington.

4.22   On or about January 19, 2021, Plaintiff received a letter from SSD titled 'Conclusion of Investigation of your Complaint' dated January 14, 2021.  The letter was signed by SSD Board President Brandino Gibson.  The letter failed to acknowledge whether Plaintiff's claim against Defendant Clark was substantiated, only that the investigation was now closed and that Dr. Clark had resigned his position as Superintendent.

4.23   During the SSD investigation into Plaintiff's reporting of Defendant Clark's sexual harassment of her, John McAndie was interviewed several times by SSD attorney Klosterman during which it was implied that Mr. McAndie had started the rumors about Plaintiff.  Klosterman inquired of Mr. McAndie about specific personal information about his son and Plaintiff and their marriage and inquired whether Plaintiff has a reputation for being promiscuous.  Klosterman's invasive and irrelevant line of questioning constituted additional punishment of Plaintiff and her family in retaliation for her claim of sexual harassment and for standing up for a special education student.

4.24   After she was interviewed by SSD's lawyers, Megan Lyke informed Plaintiff that she also felt that very personal questions were being asked about Plaintiff and her marriage.  Ms. Lyke described being asked questions about Plaintiff's 'marital conflict' and was asked whether Plaintiff had a reputation for being promiscuous.  This line of inquiry by

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington  98110-1493
TEL. 206.855-9310 • FAX 206.462.1557
www.nwprolaw.com

SSD's legal representative interviewing third party witnesses constituted additional sexual harassment of Plaintiff, additional retaliation, and defamation of character which has caused Plaintiff profound embarrassment, humiliation, fear, anxiety, loss of reputation and loss of employability among other harms caused by SSD's reckless, unprofessional and disparaging 'investigation' into Plaintiff's report of sexual harassment.

4.25   On February 23, 2021, Plaintiff had a virtual meeting with interim superintendent Jane Pryne during which Plaintiff inquired as to why the investigation was terminated prior to completion and whether the matter would be referred to the Office of Professional Practice to initiate their own investigation.  Dr. Pryne indicated that SSD lawyers told her that Plaintiff's claim of sexual harassment was not significant enough to require OPP be notified.

4.26   On December 22, 2020, Plaintiff filed a charge of discrimination with the EEOC against SSD.

4.27   On January 19, 2021, the SSD School Board unanimously approved Defendant Clark's separation from employment and concluded that "As Dr. Clark is resigning his employment, the District agrees a written report of the investigator is no longer needed."  By deciding not to complete the investigative process, SSD effectively swept the matter under the rug in violation of their own policy 5011.

4.28   On or about February 1, 2021, Plaintiff was contacted by SSD Public Records Specialist Ashley Slezak and informed that files related to her complaint were scheduled to be released to the newspaper on February 10, 2021.   However, SSD's attorney released the same documents in response to a public records request to an SSD staff member without proper redactions.  The staff member immediately contacted John McAndie via social media and contacted Plaintiff's attorney as well as mailed a letter to John McAndie's home.  This failure to adequately redact Plaintiff's personal information was additional retaliation by SSD against Plaintiff.

COMPLAINT AND JURY DEMAND - 8

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington  98110-1493
TEL. 206.855-9310 • FAX 206.462.1557
www.nwprolaw.com

4.29    On February 8, 2021, Plaintiff began a personal leave of absence caused by the severe emotional impact of the hostile work environment, discrimination and retaliation experienced since April 2019.

4.30    On February 19, 2021, Plaintiff was informed that a former spouse of Sequim Education Association president Diana Piersoll, Madison "Matt" Piersoll, had posted defamatory statements about Plaintiff on numerous social media pages.  In his diatribe, Piersoll identifies documents which Plaintiff believed would never be disclosed to the public.  Piersoll's public campaign of bullying female employees and staff of SSD who have opposed sexual harassment are in retaliation for these complaints of unlawful behavior and were encouraged, if not initiated by, Defendant Clark and other current SSD staff.  The apparent mishandling of sensitive documents by SSD staff and/or attorneys was done intentionally to cause additional harm to Plaintiff and the witnesses who have supported her complaint.

4.31    On February 26, 2021, Plaintiff submitted a formal complaint of retaliation against SSD, including human resources, staff, and community members involved in the incidents detailed above.

4.32    Prior to going on leave, Plaintiff completed all required coursework to become a certificated special education teacher.   All that remained was for Plaintiff to complete her demonstrated teaching requirement, which was scheduled to occur in 2021 at SSD.  Because of SSD's sexual harassment and retaliation against her, Plaintiff has been unable to complete her demonstrated teaching to obtain her certification which has prevented her from accepting a position as a certificated special education teacher.  The resulting loss of future earnings is significant.

## V. FIRST CLAIM FOR RELIEF
### Sex Discrimination – Title VII

5.1    Plaintiff realleges the preceding paragraphs as though fully set forth herein.

5.2    Defendants' harassment of Plaintiff through spreading malicious lies about sexual activity and maintenance of a hostile work environment on the basis of Plaintiff's gender

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington  98110-1493
TEL. 206.855-9310 ● FAX 206.462.1557
www.nwprolaw.com

constitutes sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e.

5.3   As a result of Defendants' unlawful acts, Plaintiff has been deprived of her rights and privileges under the law and has suffered and continues to suffer damages in an amount to be determined at trial.

## VI.  SECOND CLAIM FOR RELIEF
### Retaliation – Title VII

6.1   Plaintiff realleges the preceding paragraphs as though fully set forth herein.

6.2   Defendant Sequim School District's actions constitute retaliation against Plaintiff for having engaged in protected activities including reporting Riccobene's discrimination of a special education student and for reporting Defendant Clark for sexual harassment and opposing a hostile work environment on the basis of her gender in violation of Title VII, 42 U.S.C. section 2000e.

## VII.  THIRD CLAIM FOR RELIEF
### Defamation

7.1   Plaintiff reincorporates the preceding paragraphs as though fully set forth herein.

7.2   Defendant Robert Clark has disparaged Plaintiff's professional and personal reputation recklessly with statements which he knew or should have known were false and were likely to harm, and did harm, Plaintiff's reputation.  Defendant Clark willfully did his best to destroy Plaintiff's personal and professional reputation, her marriage, and her relationship with her entire family with the scurrilous rumors he decided to 'investigate' on behalf of SSD.

7.4   Plaintiff has suffered permanent significant harm as a result, including the likely permanent loss of professional opportunity at the outset of her career, and she is entitled to an award of damages in an amount to be determined at trial.

## VIII.  JURY DEMAND

Plaintiff demands that this matter be tried before a jury.

COMPLAINT AND JURY DEMAND - 10

GALLAGHER LAW OFFICE PS
10611 Battle Point Drive NE
Bainbridge Island, Washington  98110-1493
TEL. 206.855-9310 • FAX 206.462.1557
www.nwprolaw.com

## IX. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff prays for relief as follows:

A. For judgment against Defendants, jointly and severally, and an award of damages for mental anguish and emotional distress and for special damages in an amount to be proven at trial for violation of Title VII; and Defamation;

B. Awarding attorneys' fees and costs pursuant to applicable U.S. law under Title VII;

C. Awarding prejudgment interest on back-pay and accrued interest on the judgment;

D. Awarding such other and further relief as the court deems just and equitable.

DATED this 29th day of March, 2021.

GALLAGHER LAW OFFICE PS


By:  /s/ Daniel C. Gallagher, WSBA #21940
Daniel C. Gallagher, WSBA #21940
Email: dan@nwprolaw.com
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
Tel and Fax: (206) 855-9310

*Attorneys for Plaintiff*

COMPLAINT AND JURY DEMAND - 11

**GALLAGHER LAW OFFICE PS**
10611 Battle Point Drive NE
Bainbridge Island, Washington 98110-1493
TEL. 206.855-9310 • FAX 206.462.1557
www.nwprolaw.com